OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Richard Myers appeals his conviction and sentence from the Richland County Court of Common Pleas on one count of forgery. Plaintiff-appellee is the State of Ohio.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} On September 13, 2001, the Richland County Grand Jury indicted appellant on three counts of forgery in violation of R.C. 2913.31(A)(3), felonies of the fifth degree. At his arraignment on September 25, 2001, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Thereafter, on January 22, 2002, appellant withdrew his former not guilty plea and entered a plea of no contest to two counts of forgery. The remaining count was dismissed. As memorialized in an entry filed on April 25, 2002, appellant was placed on three years of community control and was ordered to make restitution within one year. As part of his community control, appellant was ordered to obey all federal, state and local laws.
 {¶ 4} On May 27, 2003, a notice of probation violation was filed against appellant, alleging that appellant had violated the terms and conditions of his community control since, on or about May 23, 2003, he was convicted of multiple crimes against two victims, including rape and kidnapping, in Case No. 03-CR-192-D. At a hearing held on May 27, 2003, appellant entered a plea of not guilty to the community control violation. After finding appellant guilty, the trial court, pursuant to a Journal Entry filed on May 29, 2003, sentenced appellant to ten months in prison. The trial court, in its entry, ordered that appellant's sentence in the case sub judice be served consecutively to his sentence in Case No. 01-CR-192-D.[1] The trial court, in its entry, further noted that it was not imposing the minimum prison term since "pursuant to R.C. 2929.14 . . . the shortest prison term will demean the seriousness of the offense and will not adequately protect the public."
 {¶ 5} On June 3, 2003, appellant filed a Motion for Reconsideration of his sentence. Appellant, in his motion, alleged that: (1) while former R.C. 2929.41 required that a probation violation sentence be served consecutively, such section had been repealed; (2) the trial court's failure to indicate at the time of the original sentencing a specific prison term at the time of the original sentencing precluded the trial court from imposing a prison sentence on appellant after finding that he had violated a community control sanction; and (3) the imposition of a sentence in the case sub judice subjected appellant to multiple punishments and violated double jeopardy principals. With respect to the latter, appellant specifically argued as follows: "Defendant was sentenced solely because he had been convicted and sentenced in an unrelated case. Defendant received a sentence of eighteen (18) years in Case No. 03 CR 192(D). Based upon this conviction and sentence defendant was sentenced in this case." As memorialized in an order filed on June 17, 2003, the trial court overruled appellant's motion.
 {¶ 6} Appellant now raises the following assignments of error on appeal:
 {¶ 7} "I. Defendant was denied due process of law when the court imposed a consecutive sentence.
 {¶ 8} "II. Defendant was denied due process of law when the court imposed a ten (10) month sentence.
 {¶ 9} "III. Defendant was denied due process of law when the court did not consider a minimum sentence."
 {¶ 10} "IV. Defendant was subjected to unconstitutional multiple punishments when the court imposed a sentence after imposing a sentence on another case."
 I {¶ 11} Appellant, in his first assignment of error, argues that the trial court erred in imposing a consecutive sentence on appellant under the mistaken belief that a violation of the community control sanction had to be served consecutively with any other sentence. Appellant notes that while former R.C.2929.41 required that a probation violation sentence be served consecutively with any other sentence, such section has been repealed and that the current version of R.C. 2929.41 does not contain such a requirement.
 {¶ 12} As is stated above, after he was sentenced, appellant filed a Motion for Reconsideration raising such issue. Thereafter, the trial court, in its order overruling appellant's motion, stated, in relevant part, as follows: "It may be true that crimes committed while the defendant is already on community control for a previous crime are not required to have consecutive sentences. But R.C. 2929.14(E)(4)(a) says that sentences in such cases may be made consecutive." Thus, contrary to appellant's argument, the trial court did not impose consecutive sentences based on a mistaken belief that it was required to do so.
 {¶ 13} However, that said, we are unable to review appellant's sentence. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Knapp v.Edwards Lab. (1980), 61 Ohio St.2d 197, 400 N.E.2d 384.
 {¶ 14} Because appellant has failed to provide this court with those portions of the transcript necessary for resolution of the assigned error, i.e., the complete transcript of the May 28, 2003, sentencing hearing, we must presume the regularity of the proceedings below and affirm pursuant to the directive set forth in Knapp, supra.[2]
 {¶ 15} Appellant's first assignment of error is, therefore, overruled.
 II, III {¶ 16} Appellant, in his second assignment of error, argues that the trial court erred in imposing a ten month sentence on appellant for forgery. Appellant specifically contends that the trial court, in imposing such sentence, failed to articulate "either at the sentencing hearing or in its judgment entry", its reason for imposition of such sentence. Appellant, in his third assignment of error, asserts that the trial court erred in failing to consider a minimum sentence when "[t]here was absolutely no evidence presented to the facts other than this appeared to be a run of the mill forgery case."
 {¶ 17} Since, as is stated above, no transcript of the sentencing hearing has been filed with this Court, we must presume the regularity of the proceedings below and affirm, pursuant to the directive set forth in Knapp, supra.
 {¶ 18} Appellant's second and third assignments of error are, therefore, overruled.
 IV {¶ 19} Appellant, in his fourth assignment of error, argues that the trial court subjected him to multiple punishments for the same offense in violation of the Double Jeopardy Clause. Appellant specifically contends that, by sentencing him in the case sub judice immediately after sentencing him in Case No. 03 CR 192-D, the trial court subjected him to multiple punishments. We disagree.
 {¶ 20} The Double Jeopardy Clause states that no person shall "be subject for the same offense to be twice put in jeopardy of life for limb." Fifth Amendment to the United States Constitution; see also Section 10, Article I of the Ohio Constitution. "[D]ouble jeopardy principles protect `only against the imposition of multiple punishment for the same offense . . . and then only when such occurs in successive proceedings'". Statev. Martello, 97 Ohio St.3d 398, 400, 2002-Ohio-6661,780 N.E.2d 250.
 {¶ 21} In Martello, supra. a defendant who was released from custody after serving a sentence for burglary and theft charges, failed to report to his parole officer. After the Ohio Adult Parole Authority declared him to be a "violator at large," the defendant was indicted on one count of escape. The defendant, who had served a 91 day term of incarceration for violating the terms of his post release control, filed a motion to dismiss, arguing that his escape charge arose from the same conduct that was the subject of the post-release control violation. The Ohio Supreme Court, in holding that there was no double jeopardy clause violation, held, in relevant part, that "R.C.2967.28(F)(4), which specifies that a person released on postrelease control who violates conditions of that postrelease control faces a term of incarceration for the violation as well as criminal prosecution for the conduct that was the subject of the violation as a felony in its own right, does not violate the double jeopardy clauses of the United States and Ohio Constitutions." Id. at 405, 780 N.E.2d 250.
 {¶ 22} Furthermore, this Court, in State v. Dawson,
Tusc.App. No. 1999AP080051, held that the appellant's conviction for escape based upon the same conduct that constituted a post-release control violation did not violate double jeopardy protections. In so holding, we noted that R.C. 2967.28 authorized the imposition of a sentence for a "new felony" in addition to sanctions for violations of post-release control and that the appellant had not been placed in jeopardy for the offense of escape in the post-release control hearing. We held, therefore, that principles of double jeopardy did not apply. See also Statev. Best, Delaware App. No. 01CAA06019, 2002-Ohio-730, citingDawson, supra.
 {¶ 23} In the case sub judice, appellant was originally sentenced to three years of community control after pleading guilty to forgery. After appellant was convicted in Case No. 03 CR 192-D of kidnapping and rape, among other offenses, a probation violation charge was filed against appellant in this case and appellant was subsequently sentenced to ten months in prison for forgery. Thus, the community control violation finding is not a second penalty for a new offense, but rather the original sentence for forgery being now imposed. Thus, appellant was not being punished twice for the same offense. See State v.Malcolm, Licking App. Nos. 03CA09, 03CA10, 2003-Ohio-5629.
 {¶ 24} Appellant's fourth assignment of error is, therefore, overruled.
 {¶ 25} Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.
Edwards, J., Gwin, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] The trial court took judicial notice of appellant's convictions for rape and kidnapping in such case.
[2] We note that appellant, in the case sub judice, did not file a motion for a transcript or a Praecipe with the court reporter. The Court of Appeals' docket for Case No. 2003CA0062 does not show that a transcript has been filed. The only sentencing transcript filed was filed in Case No. 2003CA0061, appellant's appeal of his rape and kidnapping case, but not in the case sub judice.