[Cite as *Commercial & Savs. Bank v. Troyer*, 2011-Ohio-5426.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

THE COMMERCIAL & SAVINGS BANK

     Plaintiff-Appellee

v.

CLARA TROYER

     Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.

Case No. 11 CA 12

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. 09 CV 151 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 19, 2011 |
| APPEARANCES: | |

For Plaintiff-Appellee Commercial

PAUL HERVEY
FRANK ROSE, JR.
FITZPATRICK, ZIMMERMAN & ROSE
Post Office Box 1014
New Philadelphia, Ohio 44663

For FirstMerit Bank

GREGORY F. LOCKE
NORDSTROM & LOCKE
Post Office Box 366
Ashland, Ohio 44805

For Defendant-Appellant

CLARA M. TROYER
PRO SE
4360 Township Road 271
Millersburg, Ohio 44654

*Wise, J.*

{¶ 1}   Appellant Clara Troyer appeals the decision of the Holmes County Court of Common Pleas, which granted a monetary judgment for sanctions against her in favor of Appellee Commercial and Savings Bank ("CSB") in a foreclosure action. The relevant facts leading to this appeal are as follows.

{¶ 2}   On August 31, 2009, Appellee CSB filed an action in foreclosure in the Holmes County Court of Common Pleas against Andy Troyer and Appellant Clara Troyer.[1]   Appellee FirstMerit Bank was also named in the suit based on a second mortgage claim.

{¶ 3}   Appellant and Andy Troyer filed an answer on September 24, 2009.

{¶ 4}   On February 11, 2010, the trial court granted summary judgment and foreclosure in favor of Appellee CSB.  Subsequent to this foreclosure entry, but before any sheriff's sale, appellant and Andy Troyer filed a joint petition for bankruptcy relief (Chapter 7) in the United States District Court, Northern District of Ohio.   Said bankruptcy was dismissed on May 3, 2010.  The trial court thereupon issued a new order of sale on May 13, 2010.

{¶ 5}   However, on the day of the scheduled sheriff's sale, Andy Troyer individually filed a petition for bankruptcy relief (Chapter 13).  This bankruptcy was dismissed in federal court upon motion of the trustee on September 21, 2010.  The trial court in the case sub judice thereupon reset the sheriff's sale for December 9, 2010.

{¶ 6}   The day before this scheduled sheriff's sale, appellant individually filed a

---

[1]   We herein refer to Clara Troyer as the sole appellant, as she individually signed the notice of appeal, docketing statement, and pro se appellant's brief.

petition for bankruptcy relief (Chapter 13). Another stay was thus required in the case sub judice. Between December 2010 and February 2011, appellant and/or Andy Troyer filed at least nine pro se pleadings or motions with the trial court. On February 23, 2011, appellant's bankruptcy was dismissed in federal court.

{¶ 7} On March 4, 2011, the trial court held a hearing to address the remaining issues in the case. On March 8, 2011, the trial court issued a judgment entry denying all of appellant's and Andy Troyer's pending motions, dismissing all counterclaims, and setting the matter once again for a sheriff's sale. No parties appealed from said judgment entry.

{¶ 8} Appellant and/or Andy Troyer nonetheless filed several more pro se motions regarding foreclosure. All were denied by the trial court.[2]

{¶ 9} Appellee CSB filed a motion for sanctions on March 22, 2011, alleging frivolous filings by appellant and Andy Troyer. A hearing was conducted on appellee's motion on May 27, 2011. The trial court, on June 1, 2011, issued a judgment entry awarding Appellee CSB the sum of $7,300 in sanctions.

{¶ 10} It is from this June 1, 2011 judgment entry that appellant appeals. See Notice of Appeal, June 23, 2011. She herein raises the following three assignments of error:

{¶ 11} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN DENYING APPELLANT A RIGHT TO A REMEDY IN THE COURT OF EQUITY.

{¶ 12} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN THE

---

[2] Appellant also filed a separate lawsuit against Appellee CSB and others. The trial court thereafter dismissed the suit; however, the appeal therefrom (captioned as Holmes Co. 11 CA 11) is not part of the present appeal.

DENIAL OF A REMEDY TO PETITIONER [APPELLANT].

{¶ 13} "III.   MOTIONS BY THE APPELLEE WERE GRANTED, ALTHOUGH THEY WERE INTERPOSED FOR DELAY."

I., II.

{¶ 14} In her first and second assignments of error, appellant argues she was deprived of her right to a remedy by the trial court.  We disagree.

{¶ 15} Section 16, Article I of the Ohio Constitution states in pertinent part:  "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay. * * *."

{¶ 16} We note an appellant's brief is required to present "[a]n argument containing the contentions of the appellant with respect to [the] assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies," as per the requirements set forth in App.R. 16(A)(7).   Appellant herein has taken an appeal specifically from the award of sanctions to appellee in the June 1, 2011 judgment entry; however, her brief mostly makes generalized allegations of due process violations regarding the overall foreclosure process and largely centers on developments in the case which post-date the June 1st entry. Moreover, appellant has not provided us with a transcript of the May 27, 2011 hearing on sanctions.  Under these circumstances, we are inclined to presume the regularity of the proceedings below and affirm.  See, e.g., *State v. Myers,* Richland App.No. 2003CA0062, 2004-Ohio-3715, ¶ 14, citing *Knapp v. Edwards Laboratories.* (1980), 61 Ohio St.2d 197, 400 N.E.2d 384.

{¶ 17} Appellant's first and second assignments of error are overruled.

III.

{¶ 18} In her third assignment of error, appellant appears to argue that certain motions by appellee were improperly granted by the trial court.

{¶ 19} Appellant's truncated argument fails to articulate the motions to which she refers and in what manner the trial court allegedly erred.  We emphasize it is not the duty of an Ohio appellate court to create arguments for the parties and search the record for evidence to support them.  See *Sisson v. Ohio Department of Human Services*, Medina App.No. 2949-M, 2000 WL 422396.

{¶ 20} Appellant's third assignment of error is therefore overruled.

{¶ 21} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Holmes County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

THE COMMERCIAL & SAVINGS BANK      :

|                     |   |                |
|---------------------|---|----------------|
| Plaintiff-Appellee  | : |                |
|                     | : |                |
| -vs-                | : | JUDGMENT ENTRY |
|                     | : |                |
| CLARA TROYER        | : |                |
|                     | : |                |
| Defendant-Appellant | : | Case No. 11 CA 12 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Holmes County, Ohio, is affirmed.

Costs assessed to appellant.

_____

_____

_____

JUDGES