[Cite as *State v. Allen*, 2015-Ohio-3221.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| MICHAEL ALLEN | : | Case No. 2015CA00060 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Stark County Court
of Common Pleas, Case No.
2012-CR-0259

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        August 10, 2015

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

JOHN D. FERRERO        MICHAEL ALLEN, pro se
Prosecuting Attorney        Inmate No. 654-283
        Richland Correctional Institution
By: KATHLEEN O. TATARSKY        P.O. Box 8107
Assistant Prosecuting Attorney        Mansfield, OH 44901
110 Central Plaza South –Suite 510
Canton, OH 44702-1413

*Baldwin, J.*

{¶1}   Defendant-appellant Michael Allen appeals from the March 10, 2015 Judgment Entry of the Stark County Court of Common Pleas denying his Motion to Vacate Void Sentence and Void Sentencing Journal Entry. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On March 9, 2012, a Bill of Information was filed alleging that appellant had committed the offenses of tampering with evidence in violation of R.C. 2921.12(A)(1),  a felony of the third degree, possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(c),  a felony of the third degree, and trafficking in marijuana in violation of R.C. 2925.03(A)(2)(C)(3)(a), a felony of the fifth degree.

{¶3}   On March 9, 2012, appellant entered a plea of guilty to the charges.  As memorialized in a Judgment Entry filed on April 3, 2012, appellant was sentenced to five (5) years of community control under specified terms and conditions.  The Judgment Entry stated that "[v]iolation of any condition of this sentence shall lead to a more restrictive sanction, a longer sanction, or a prison term of eighty-three (83) months, consecutive with Stark County Common Pleas Case Number 2011CR1764".

{¶4}   On January 18, 2013, appellant's Probation Officer filed a Motion to Revoke Probation or Modify Former Order, alleging that appellant had violated specified terms and conditions of his probation. After appellant admitted to the violations, his community control sanctions were modified. Pursuant to a Judgment Entry filed on March 26, 2013, appellant also was ordered to be evaluated by Stark Regional Community Correction Center (SRCCC) and, if accepted, to successfully complete any

program recommended and to successfully complete the HOPE Program. Appellant was admitted to SRCCC.

{¶5} Thereafter, on January 21, 2014, appellant's Probation Officer filed a Motion to Revoke Probation or Modify Former Order, alleging again that appellant had violated specified terms and conditions of his probation. Appellant stipulated that he had violated the rules of probation and a prison sentence of seventy-two (72) months was imposed. Appellant was sentenced to thirty-six (36) months on the charges of tampering with evidence and possession of cocaine (Counts One and Two) and to twelve (12) months of the charge of trafficking in marijuana (Count Three). The trial court, in its June 9, 2014 Judgment Entry, stated, in relevant part, as follows: "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this defendant shall serve Counts One and Two consecutively, but concurrent with Count Three and Stark County Common Pleas Case Number 2011CR1764, for a total sentence of seventy-two (72) months,.."

{¶6} On June 24, 2014, the trial court filed a Nunc Pro Tunc Judgment Entry. The Judgment Entry clarified that the charge of trafficking in marijuana was a felony of the fifth degree rather than a felony of the third degree as indicated in the trial court's June 9, 2014 Judgment Entry and also changed the prison term for trafficking in marijuana from twelve (12) months to eleven (11) months.

{¶7} Subsequently, on March 9, 2015, appellant filed a Motion to Vacate Void Sentence and Void Sentencing Journal Entry. Appellant, in his motion, argued that the trial court's June 9, 2014 Judgment Entry was a Nunc Pro Tunc Entry "amending

defendant's sentence by determining the sentence to be served consecutively." According to appellant:

{¶8} "During the original imposition of community control, and during the community control sanction violation sentencing, this Honorable Court did not order the sentences consecutive. The sentences were ordered consecutive by way of Nunc Pro Tunc journal entry. This Honorable Court erred in changing defendant's sentence by using a nunc pro tunc judgment entry."

{¶9} Appellant argued that the June 9, 2014 Judgment Entry did not reflect his original sentence. Appellant also argued that he received ineffective assistance of counsel due to counsel's failure to object to the original sentence and to the sentence imposed during and after the community control violation sentencing hearing. The trial court, as memorialized in a Judgment Entry filed on March 10, 2015, denied appellant's motion.

{¶10} Appellant now raises the following assignments of error on appeal:

{¶11} THE TRIAL COURT WAS WITHOUT JURISDICTION AND ABUSED ITS DISCRETION AND VIOLATED APPELLANT'S CONSTITUTIONAL AND STATUTORY RIGHTS WHEN IT MODIFIED THE ORIGINAL SENTENCE WITH AN IMPROPER NUNC PRO TUNC ENTRY.

{¶12} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ISSUED A NUNC PRO TUNC ENTRY IMPOSING CONSECUTIVE SENTENCES WHEN CONSECUTIVE SENTENCES WERE NOT IMPOSED DURING THE ORIGINAL SENTENCING OR DETERMINED DURING IMPOSITION OF COMMUNITY CONTROL SANCTION VIOLATION SENTENCING HEARING.

{¶13}  APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

I

{¶14}  Appellant, in his first assignment of error, argues that the trial court erred when it modified his original sentence with an improper Nunc Pro Tunc Entry.

{¶15}  Appellant specifically argues that  in his 2012 original sentencing entry, he had a deferred prison term of eighty-three (83) months consecutive with another Stark County case and that the trial court, in its June 9, 2014 Judgment Entry, which appellant contends was a Nunc Pro Tunc Entry, the trial court improperly modified his original sentence. Appellant contends that, in the 2012 Judgment Entry, "[c]onsecutive or [c]oncurrent sentencing was not determined."

{¶16}  The trial court's June 9, 2014 Judgment Entry, however, was not a Nunc Pro Tunc Entry. Rather, the trial court, in the same, imposed the original sentence that was deferred earlier in 2012. Appellant did not file a timely appeal from the June 9, 2014 Judgment Entry or any of his sentencing entries. As noted by appellee, any claims that he makes as to defects in the same are now time barred.

{¶17}  Moreover, appellant, in his brief, also argues that his offenses were allied offenses. However, appellant has not provided this Court with any transcripts of any hearings.   The primary duty to provide a transcript for appellate review falls upon the appellant, as the appellant bears the burden of showing prejudicial error by reference to matters in the record. *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the appellate court has nothing to pass upon and, thus, presumes the validity of the lower court's proceedings and affirms the trial court's

decision. *Knapp; State v. Thomas,* 170 Ohio App.3d 727, 2007–Ohio–1344, 868 N.E.2d 1061, ¶ 11.

{¶18}  Appellant's first assignment of error is, therefore, overruled.

II

{¶19}  Appellant, in his second assignment of error, argues that the trial court erred when, in its June 9, 2014, it imposed consecutive sentences when consecutive sentences were not imposed during the original sentencing hearing in 2012.

{¶20}  Appellant did not timely appeal his 2012 convictions and sentence and, therefore, his appeal is barred.  Moreover, while appellant maintains that the trial court's June 9, 2014 Entry did not reflect what occurred at the sentencing hearing, he has not provided this Court with a transcript of the same. We must, pursuant to *Knapp*, supra, therefore presume regularity and affirm.

{¶21}  Appellant's second assignment of error is, therefore, overruled.

III

{¶22}  Appellant, in his third assignment of error, argues that his trial counsel was ineffective in failing to object to consecutive sentences and allied offenses and in failing to object to the issuing of the Nunc Pro Tunc Entry.

{¶23}  Based on our disposition of appellant's first and second assignments of error, appellant's third assignment of error is overruled.

{¶24}  Appellant's third assignment of error is, therefore, overruled.

{¶25} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.