[Cite as *State v. Hendershot*, 2017-Ohio-7822.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 16AP0011 |
| | : | |
| HEATH A. HENDERSHOT | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Morgan County Court of Common Pleas, Case No. 13-CR-0021


JUDGMENT:                        AFFIRMED


DATE OF JUDGMENT ENTRY:     September 21, 2017


APPEARANCES:

For Plaintiff-Appellee:                       For Defendant-Appellant:

MARK J. HOWDYSHELL                JOHN K. CHRISTIE
MORGAN CO. PROSECUTOR          P.O. Box 419
19 East Main St.                          36 W. Main St.
McConnelsville, OH 43756         McConnelsville, OH 45750

*Delaney, P.J.*

{¶1} Appellant Heath A. Hendershot appeals from the October 27, 2016 Sentencing Entry of the Morgan County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} A statement of the facts underlying appellant's criminal conviction is not necessary to our resolution of this appeal.

{¶3} Appellant was charged by indictment with one count of aggravated burglary with a firearm specification pursuant to R.C. 2911.11(A)(1) and (2), a felony of the first degree [Count I]; one count of theft of a firearm pursuant to R.C. 2913.02(A)(1) and (B)(4), a felony of the third degree [Count II]; and one count of having a weapon while under disability pursuant to R.C. 2923.13(A)(3), a felony of the third degree [Count III].

{¶4} Appellant entered pleas of not guilty. He moved to suppress his statements to law enforcement and the trial court overruled the motion following a hearing.

{¶5} On July 27, 2016, appellant appeared before the trial court and entered a plea of guilty to Count I, aggravated burglary. In exchange for appellant's guilty plea, appellee dismissed Counts II and III and the firearm specification on Count I. The trial court accepted appellant's plea, found him guilty, and ordered a pre-sentence investigation (P.S.I.).

{¶6} On October 18, 2016, appellant filed a Sentencing Memorandum noting he was presently incarcerated at Noble Correctional Institution serving a 9-year prison term imposed by the Muskingum County Court of Common Pleas on an unrelated case.

Appellant moved the court to impose any prison sentence in the instant case to be served concurrently with the Muskingum County sentence.

{¶7} On October 27, 2016, appellant appeared before the trial court for sentencing. The trial court imposed a prison term of 8 years, "to be served consecutive to any other sentence imposed on [appellant]."

*Note on the Appellate Record*

{¶8} On November 23, 2016, simultaneous with the filing of the notice of appeal, appellant filed a Motion for Preparation of Complete Transcript of Proceedings at State Expense, and the trial court granted the motion one week later. On January 9, 2017, the trial court entered a "Judgment Entry Extending Time to Transmit the Record" on the basis of "* * * the temporary unavailability of the record because of recording equipment malfunction * * *."

{¶9} We noted the trial court could only grant an extension through February 11, 2017, and directed appellant to file a motion for extension of time to transmit the record in this Court. Judgment Entry, January 23, 2017.

{¶10} Appellant duly filed a motion for extension of time to file the record, noting "technical issues" arose with recording equipment from the trial court and the recordings had not yet been provided for transcription. We granted an extension through March 27, 2017. On March 27, 2017, there appears a handwritten note in the appellate file stating "Sent 3 disks to [court reporter] on 2-21-17. Assignment Commissioner was unable to recover Sentencing Hearing."

{¶11} The appellate record thus includes transcripts of the arraignment, suppression hearing, and change-of-plea hearing, but not of the sentencing hearing on October 27, 2016.

{¶12} Appellant now appeals from the trial court's Sentencing Entry of October 27, 2016.

{¶13} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶14} "I.  THE TRIAL COURT ERRED IN SENTENCING MR. HENDERSHOT TO A PRISON TERM TO BE SERVED CONSECUTIVELY WITH ANY OTHER SENTENCE IMPOSED ON HIM."

**ANALYSIS**

{¶15} Appellant argues the trial court erred in imposing a prison term to be served consecutive to any other sentence imposed upon appellant.  We disagree.

{¶16} Appellant argues his prison term in the instant case should have been imposed concurrent with any other term imposed upon him.  In Ohio, concurrent sentences are statutorily favored for most felony offenses. R.C. 2929.41(A). The trial court may overcome this presumption by making the enumerated findings set forth in R.C. 2929.14(C)(4). *State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, ¶ 23. The statute requires the trial court to undertake a three-part analysis. *State v. Alexander,* 1st Dist. Hamilton Nos. C–110828 and C–110829, 2012–Ohio–3349, 2012 WL 3055158, ¶ 15.

{¶17} R.C. 2929.14(C)(4) provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds **any** of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶18} In *Bonnell*, supra, 140 Ohio St.3d 209 at the syllabus, the Supreme Court of Ohio found that to impose consecutive terms of imprisonment, the trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and to incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.

{¶19} In this case, in the sentencing entry, the trial court found appellant's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(C)(4)(c). The trial court made the following relevant findings in the sentencing entry:

> \* \* \* \*.
>
> The Court finds the defendant's history of criminal conduct is such that it is necessary to impose consecutive sentences to protect the public.
>
> The Court finds a consecutive sentence is necessary to protect the public and that a concurrent sentence would not adequately reflect the seriousness of the offense and would be demeaning to the purposes and principles of sentencing.
>
> \* \* \* \*.
>
> Sentencing Entry, 3.

{¶20} We are unable to determine, however, whether the trial court made the requisite findings on the record at the sentencing hearing on October 27, 2016, because the transcript of that hearing is not in the appellate record.

{¶21} In Ohio, the appellant has the duty to file the transcript or such parts of the transcript that are necessary for evaluating the trial court's decision. *See* App.R. 9(B); *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199 (1980). A party may remedy its failure to file a transcript by filing a statement of the evidence with this court pursuant to App.R. 9(C). Here, appellant failed to file either a transcript from the sentencing hearing and/or a statement of the evidence pursuant to App.R. 9(C). Apparently a technical problem arose with the recording of the sentencing hearing; upon learning the transcript was unavailable, appellant had the opportunity to prepare an App. R. 9(C) statement. See, *State v. Yun*, 5th Dist. Stark No. 2002CA00088, 2002-Ohio-4535, ¶ 9.

{¶22} Absent certification of an adequate record, a reviewing court presumes regularity in the proceedings and must affirm the judgment of the trial court, unless the assignment of error is based solely on a question of law. Because defendant has not supported the alleged error with a transcript or any alternative form of the record permitted by App.R. 9, we presume regularity in the trial court proceedings, and thus presume the trial court made the requisite findings on the record at the sentencing hearing in imposing a consecutive term. *State v. Allen*, 5th Dist. Stark No. 2015CA00060, 2015-Ohio-3221, ¶ 21; *State v. Myers*, 5th Dist. Richland No. 2003 CA 0062, 2004-Ohio-3715, ¶ 14.

{¶23} We are required to comply with App.R. 12; our determination must be made on the merits of the assignments of errors set forth in the briefs required by App.R. 16 and from the record on appeal as provided by App.R. 9. In the absence of a record that demonstrates the validity of the assignment of error, we must presume the regularity of the proceedings.

{¶24} We conclude the trial court did not err in imposing the consecutive prison term.  Accordingly, appellant's sole assignment of error is overruled.

## CONCLUSION

{¶25} Appellant's sole assignment of error is overruled and the judgment of the Morgan County Court of Common Pleas is affirmed.

By:  Delaney, P.J.,

Wise, Earle J concur

Hoffman, J. dissents

*Hoffman, J., dissenting*

**{¶26}** I respectfully dissent from the majority opinion.

**{¶27}** While I agree with the majority as to the status of the appellate record in this case and further agree the presumption of regularity prohibits us from finding reversible error as to any deficiency at the sentencing hearing, the transcript of the sentencing hearing is not necessary for our review of the sentencing entry. Therefore the presumption of regularity does not prohibit us from reviewing any error in it.

**{¶28}** Although the trial court made some of the required findings to support the imposition of consecutive sentences in its judgment entry, it did not include a finding "consecutive sentences are not disproportionate to the seriousness of the offender's conduct" as required by R.C. 2929.14(C)(4).

**{¶29}** I recognize the trial court did find "a concurrent sentence would not adequately reflect the seriousness of the offense". Such language is found in R.C. 2929.14(C)(4)(b). The issue becomes is that finding sufficient to satisfy the requisite finding regarding "disproportionality".

**{¶30}** I think not. Though subtle, I find there is a difference between adequately reflecting the seriousness of the offender's conduct and the disproportionality of the seriousness of the offender's conduct. Apparently the legislature thought likewise or it would have used the identical language in both sections of the statute. Therefore I would sustain Appellant's sole assignment of error and remand the matter to the trial court for resentencing.