[Cite as *State v. Brown*, 2019-Ohio-390.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28048 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-2180 |
| | : | |
| SIDNEY D. BROWN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of February, 2019.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Atty. Reg. No. 0095826, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

SIDNEY D. BROWN, #734-729, P.O. Box 69, London, Ohio 43140
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Sidney D. Brown appeals, pro se, an order of the Montgomery County Court of Common Pleas overruling his "motion for relief of post-release control." Brown filed a timely notice of appeal with this Court on June 27, 2018.

{¶ 2} On August 24, 2016, Brown was indicted for one count of burglary, in violation of R.C. 2911.12(A)(3), a felony of the third degree. Thereafter, on October 27, 2016, Brown pled guilty to the burglary charge, and the trial court accepted his plea. On November 10, 2016, the trial court sentenced him to five years of community control. Brown did not appeal his conviction and/or sentence.

{¶ 3} On April 27, 2017, the trial court found Brown in violation of his supervision, revoked his community control, and sentenced him to 24 months in prison and a mandatory three years of post-release control. Brown did not appeal the trial court's judgment. Rather, on April 20, 2018, Brown filed a "motion for relief of post-release control" with the trial court. The trial court overruled Brown's motion in an order issued June 1, 2018.

{¶ 4} It is from this judgment that Brown now appeals.

{¶ 5} Brown's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN NOT DISMISSING THE POST-CONVICTION RELIEF PORTION OF THE APPELLANT[']S SENTENCE. THE TRIAL COURT SUBJECTED THE APPELLANT TO MORE THAN ONE PUNISHMENT OR SANCTION FOR THE SAME CRIME IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION.

**{¶ 6}** Brown contends that the trial court violated his right to be free from double jeopardy when it sentenced him to two years in prison and three years of post-release control following his release. As previously stated, Brown failed to file a direct appeal of the trial court's judgment revoking his community control and sentencing him to 24 months in prison and a mandatory three years of post-release control. Therefore, Brown's claim concerning a double jeopardy violation could have been raised on direct appeal, and this issue is now res judicata. *State v. Ray*, 2d Dist. Clark No. 1818, 1983 WL 4945, fn. 1, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph seven of the syllabus.

**{¶ 7}** However, even if Brown's claim were not barred by res judicata, his argument would fail on the merits. The prohibition against double jeopardy protects individuals against multiple prosecutions and multiple punishments for the same offense. *State v. Gustafson*, 76 Ohio St.3d 425, 432, 668 N.E.2d 435 (1996). A finding that a defendant violated the terms and conditions of community control does not result in a conviction. *State v. Jackson*, 2d Dist. Montgomery Nos. 23457, 23458, 2010-Ohio-2836, ¶ 55. Upon finding that a community control violation occurred based on a violation of law, the trial court's imposition of a prison sentence is not a punishment for the new offense but, rather, is a "continuing consequence of the original conviction." *State v. Black*, 2d Dist. Montgomery No. 24005, 2011-Ohio-1273, ¶ 13, citing *State v. Wellbaum*, 2d Dist. Champaign No. 2000-CA-5, 2000 WL 1232773 (Sept. 1, 2000); *State v. Myers*, 5th Dist. Richland No. 2003 CA 62, 2004-Ohio-3715, ¶ 23. Accordingly, several Ohio appellate districts, as well as federal circuits, have held that double jeopardy does not apply to prosecutions following the revocation of probation or community control. *See, e.g., United*

*States v. Miller*, 797 F.2d 336, 340 (6th Cir.1986); *State v. Peters*, 8th Dist. Cuyahoga No. 92791, 2009-Ohio-5836; *Myers.*

{¶ 8} Additionally, the imposition of post-release control does not violate the constitutional prohibition against double jeopardy. Rather post-release control is part of the original sentence and not, as Brown argues, a separate punishment. "Therefore, jeopardy does not attach when a defendant receives a term of incarceration for the violation of conditions of post-release control. Such a term of incarceration is attributable to the original sentence and is not a 'criminal punishment' for Double Jeopardy Clause purposes that precludes criminal prosecution for the actions that constituted a violation of the post-release control conditions." *State v. Martello*, 97 Ohio St.3d 398, 780 N.E.2d 250, ¶ 26 (2002). *Martello* involved the imposition of a prison sentence for a violation of post-release control, as opposed to a violation of community control sanctions in the instant case. Nevertheless, we find that the rationale used by the *Martello* court applies here. Specifically, the imposition of post-release control does not violate the constitutional prohibition against double jeopardy and is simply part of the original sentence.

{¶ 9} Lastly, we note that Brown argues that the trial court erred when it stated that his post-release control was mandatory. Brown is mistaken. The post-release control statute, R.C. 2967.28, states as follows: "Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, *or for a felony of the third degree that is an offense of violence and is not a felony sex offense* shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment." (Emphasis added). R.C. 2901.01(A)(9) provides that the term "offense of violence" includes "[a]

violation * * * of division (A)(1), (2), or (3) of section 2911.12" (burglary) and also includes an "attempt to commit" such offense. R.C. 2901.01(A)(9)(a) and (d). Brown was found guilty of burglary (occupied/criminal offense), in violation of R.C. 2911.12(A)(3), a felony of the third degree, an offense of violence. Accordingly, the imposition of post-release control was mandatory in the instant case.

{¶ 10} The record establishes that Brown was informed at the time of his sentencing that if he violated his community control, the trial court could impose the original prison sentence. Brown subsequently violated his community control, and the trial court imposed a prison sentence of two years, as well as a mandatory term of post-release control of three years. Both the prison sentence and the term of post-release control were part of Brown's original sentence. Accordingly, the trial court did not violate Brown's right to be free from double jeopardy.

{¶ 11} Brown's sole assignment of error is overruled.

{¶ 12} Brown's assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Michael P. Allen
Sidney D. Brown
Hon. Mary L. Wiseman